Claussner Hosiery Company v. Commissioner.
Claussner Hosiery Co. v. Commissioner
Docket No. 18624.
United States Tax Court
1950 Tax Ct. Memo LEXIS 74; 9 T.C.M. (CCH) 891; T.C.M. (RIA) 50244; October 17, 1950
*74 In the years 1945 and 1946 the petitioner had certain knitting machines whose useful life had expired and whose cost had been fully recovered by deductions for depreciation. Unable to procure new machines to replace these, petitioner had them reconditioned and certain of the moving parts rebuilt. This work gave an added useful life to the machines of from three to six years. Held, that the cost of such reconditioning constituted a capital expenditure recoverable over the added useful life of the machines. Expenditures by petitioner in the year 1946 in the acquisition of repair parts which were not actually used until after the close of that year held to constitute a deductible expense for the year 1946 in which the cost was accrued and paid. Ralph H. Schuette, Esq., and James G. Wheeler, Esq., Paducah, Ky., for the petitioner. John O. Durkan, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in excess-profits tax for the taxable years ending January 31, 1945 and January 31, 1946 in the respective amounts of $7,021.96 and $8,984.79. The two issues presented are: (a) The correctness of respondent's action in treating amounts expended during the taxable years for the reconditioning of fully depreciated knitting machines as capital expenditures. (b) The correctness of his action in disallowing as an ordinary and necessary expense for the taxable year 1946 the cost of certain repair parts acquired and paid for by the petitioner in that year. Findings of Fact Petitioner is a Kentucky corporation with principal office at Paducah, Kentucky. Its returns for the periods here involved were filed with the collector for the district of Kentucky. It is engaged in the *76 manufacture of ladies' full fashioned hosiery. Sometime between 1928 and 1931 the petitioner acquired and put in use 10 Reiner hosiery knitting machines, each having an average cost to petitioner of $7,800. When put in use, these machines had an average life of from 12 to 15 years and were depreciated for Federal income tax purposes upon the basis of 13 1/2 years. Each of these machines was about 43 feet long, 4 feet wide and 3 or 4 feet high. The base of the machine was constructed of cast iron. On this base were some moving parts which were activated by cams. The moving parts, exclusive of cams, had a useful life of from four to six years. The cams had a useful life equal to that of the machine as a whole. At times, during the useful life of the machine, certain of the moving parts would become worn, as a result of which an inferior grade of product was produced. Under these conditions a reconditioning operation for renewal of certain of the smaller moving parts could be made which would bring back the machine to its former degree of efficiency in producing a product of acceptable quality. The machines here involved were reconditioned in this manner in the year 1939. In the *77 years 1945 and 1946 these machines had outlived their normal useful life and their cost had been fully recovered through depreciation. Under these conditions these machines would have been discarded by petitioner and sold for scrap, since they were valueless from the standpoint of producing salable merchandise. In the years 1945 and 1946, because of war conditions, it was impossible for the petitioner to acquire new machines to replace these. Faced with these conditions, petitioner decided to have the machines reconditioned and certain of the moving parts rebuilt. The parts of the machines involved in this reconditioning were shipped to Robert Reiner, Inc., a knitting machine manufacturing company. The cost of such reconditioning was as follows: Machine
Year Re-
Cost of Reconditioning
Number
conditioned
Parts
Labor
Total
8259
1945
$929.02
$1,600.34
$2,529.36
8297
1945
928.34
1,581.84
2,510.18
8258
1945
929.02
1,292.84
2,221.86
8260
1946
794.86
1,280.88
2,075.74
8261
1946
990.51
1,301.51
2,292.02
8298
1946
928.34
1,333.33
2,261.67
8296
1946
928.34
1,341.99
2,270.33
After this reconditioning, these machines operated *78 satisfactorily, produced first-class merchandise and, with the exception of some machines which the petitioner subsequently sold, were still being used by petitioner at the date of the hearing of this proceeding. The reconditioning in question extended the economic life of the several machines for an additional period of from four to six years. The reconditioning of these machines added materially to their value, appreciably prolonged their lives, and made good, to the extent of its added life, the exhaustion of the original useful life of the machine for which depreciation allowance had been made. During 1946 petitioner contemplated having certain of its machines reconditioned by Robert Reiner, Inc., but that firm would not guarantee to do the work required unless petitioner purchased at that time the necessary parts for such reconditioning, since these parts might not be available when the machines were received for the reconditioning. To this petitioner agreed, and on January 9, 1946 the repair parts in question were invoiced to it in the amount of $3,159.42, these parts being held by Reiner to await the receipt of the machines from petitioner. Petitioner paid this invoice upon *79 its receipt, but the machines in question were not shipped to Reiner until after the close of the taxable year. In determining the deficiency for 1946 the respondent disallowed the cost of these parts paid in that year as an expense deductible for that year. Petitioner is on an accrual basis of accounting. Opinion We think the evidence establishes that the reconditioning of the several machines here involved was substantial and appreciably increased the value and normal useful life of the machines. It has been so found as a fact. The normal life of such machines was 12 to 15 years. For Federal income tax purposes deductions for depreciation had been taken by petitioner upon the basis of a life of 13 1/2 years and, upon this basis, the machines at the time of the reconditioning here involved had been fully depreciated. Counsel for petitioner agrees with the interpretations of section 23 (a) (1), Internal Revenue Code, as set out in sections 29.23 (a)-4 and 29.24-2 of Regulations 111. [1]
*80 Moreover, section 24 (a) (3), Internal Revenue Code, provides specifically: "SEC. 24. ITEMS NOT DEDUCTIBLE. "(a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of * * *
(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made;" * * *
Petitioner argues that the result of the reconditioning in question was merely to keep the machines in operating condition. We agree that if the expenditure were of that character and did not prolong the normal useful life of the machines it would constitute a deductible expense. In the present case, however, this is not the condition disclosed by the record. The normal useful life of the machines in question had been exhausted and the expenditures for reconditioning are shown to have materially increased their value and life. Under these conditions we think the expenditure was capital in character and recoverable over the additional span of useful life given to the machines by the reconditioning. Marsh Fork Coal Co. v. Lucas, 42 Fed. (2d) 83. We sustain the respondent in his disallowance *81 of this cost of reconditioning as a business expense pertaining to the two taxable years here involved. The second issue is upon respondent's disallowance of a deduction of the cost to the petitioner of certain repair parts acquired by it and paid for in the year 1946, which parts were not actually used until after the close of that year. Apparently respondent does not question the expenditure as one constituting a deductible expense. The question raised seems to be merely whether it is deductible in the year in which the repair parts were acquired and paid for or later when they were actually used. Upon consideration of the facts disclosed by the record, we think the expenditure was deductible in the year in which it was "accrued and paid," which was the year 1946. On this issue the respondent is reversed. Decision will be entered under Rule 50. Footnotes
1. REGULATIONS 111. Sec. 29.23 (a)-4. Repairs. - The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as expense, provided the plant or property account is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, should be charged against the depreciation reserve if such account is kept. * * *
Sec. 29.24-2. Capital Expenditures. - Amounts paid for increasing the capital value or for making good the depreciation (for which a deduction has been made) of property are not deductible from gross income. * * *↩